MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH IRWIN, | ) |
| | ) |
| Plaintiff, | ) No. 09 C 5839 |
| | ) |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| AFSCME COUNCIL 31, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is Defendant AFSCME Council 31's Motion to Dismiss. For the following reasons, the Motion is denied as to Counts A and C, and granted as to Count B.

## I. BACKGROUND

On September 18, 2009, the pro se Plaintiff Joseph H. Irwin ("Irwin") filed a Complaint against Defendant the American Federation of State, County, and Municipal Employees, Council 31 ("AFSCME"). Irwin alleges that: he is a former employee of the State of Illinois' Elgin Mental Health Center ("EMHC") and a member of AFSCME; AFSCME and the State of Illinois' Department of Human Services and Central Management Services entered into a Collective Bargaining Agreement ("CBA"); he suffers from anxiety disorder and depression; he filed certain unspecified grievances with AFSCME, but AFSCME failed to properly represent him throughout the grievance process; AFSCME discriminated against him on the basis of his disability and retaliated against him for filing the grievances; and EMHC ultimately discharged him in retaliation for filing the grievances. Irwin's Complaint contains one Count styled "Violated Title

1

VII Americans with Disabilities Act," one Count of Breach of Contract, and one Count of Breach of Duty to Fairly Represent. EMHC and the State of Illinois are not parties to this case.

AFSCME filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on December 7, 2009. AFSCME asserts that the Court should dismiss Counts A (Breach of Contract) and C (Title VII and the Americans with Disabilities Act) for failure to state a claim, and that the Court should dismiss Count B (Breach of Duty to Fairly Represent) for lack of subject-matter jurisdiction. The Court granted Irwin additional time to April 30, 2010 to file a Response to the Motion, but as of August 10, 2010, Irwin has not filed a Response. AFSCME has not filed a Reply brief. Given the passage of time, the Court considers the matter fully briefed.

The Court notes that in analyzing this Motion, it has an obligation to "construe complaints by pro se litigants liberally." McCready v. eBay, Inc., 453 F.3d 882, 890 (7th Cir. 2006); see also Despenza v. O'Leary, 889 F.2d 113, 114-15 (7th Cir. 1989) ("implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

## II. DISCUSSION

### A. Standard of Decision

In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule

12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim, details can wait for later stages"). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000).

The court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03. The Seventh Circuit has articulated two hurdles that must now be overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to

relief, raising the possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. Id.

A motion to dismiss filed pursuant to Rule 12(b)(1) challenges the federal court's jurisdiction to hear the complaint. FED. R. CIV. P. 12(b)(1). "It is well established that federal courts are courts of limited jurisdiction and may adjudicate a case only if there is *both* constitutional and statutory authority for federal jurisdiction." Lewis v. Eisenberg, No. 10-126, 2010 U.S. Dist. LEXIS 74092, at *2 (E.D. Wis. July 22, 2010) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988)).

### B. AFSCME's Motion to Dismiss

In Count A, Breach of Contract, Irwin alleges that AFSCME breached the CBA by violating provisions pertaining to non-discrimination, grievance procedures, and discipline. AFSCME correctly asserts that Irwin is not a party to the CBA, and that in order for Irwin to succeed on a breach of contract claim, "he must be able to point to language in the [CBA] specifically indicating an intent to create obligations enforceable against the union by individual employees." United Steelworkers of America v. Rawson, 495 U.S. 362, 374 (1990); see also Cortina v. Hotel & Restaurant Employees Union, No. 06-6850, 2008 U.S. Dist. LEXIS 32516, at *33 (N.D. Ill. March 31, 2008). Because Irwin's Complaint does not contain allegations of such language, AFSCME asserts, the Court should dismiss Count A for failure to state a claim upon which relief can be granted. However, the CBA has not yet been made a part of the record in this case. Irwin has not attached the CBA to his Complaint, and AFSCME has not attached it to their Motion to Dismiss or supporting Memorandum. The Court therefore cannot determine as a matter of law at the motion to dismiss stage that Irwin's allegations would not constitute a breach

4

of the CBA. See Giwa v. COPMEA, AFSCME Local 3464, No. 09-1312, 2010 U.S. Dist. LEXIS 63650, at *17 (C.D. Ill. June 28, 2010). AFSCME's Motion to Dismiss is therefore denied as to Count A, Breach of Contract.

In Count B, Breach of Duty to Fairly Represent, Irwin alleges that AFSCME breached its duty to fairly represent him during the grievance process. AFSCME correctly asserts that the Court has no jurisdiction to hear this claim. Irwin alleges that he is a former employee of the State of Illinois. Compl., ¶ 4. As such, Illinois law categorizes Irwin as a public employee. 5 ILL. COMP. STAT. 315/3(o). Breach of the duty of fair representation claims filed by public employees in Illinois are not governed by federal duty of fair representation law. Tomas v. State Dep't of Employment Security, No. 07-4542, 2009 U.S. Dist. LEXIS 78981, at * 10 (N.D. Ill. Sept. 2, 2009); Bailey v. Johnson, No. 90-1795, 1990 U.S. Dist. LEXIS 6508, at *3-4 (N.D. Ill. May 30, 1990) (citing N.A.A.C.P., Detroit Branch v. DPOA, 821 F.2d 328, 330 (6th Cir. 1987)). Instead, in Illinois "a union's breach of duty of fair representation is an unfair practice within the exclusive jurisdiction of the Illinois Labor Relations Board." Tomas, 2009 U.S. Dist. LEXIS 78981, at * 10 (citing Foley v. AFSCME, 556 N.E.2d 581, 583 (Ill. App. Ct. 1990)). Because the Court has no jurisdiction over Irwin's Count B, Breach of Duty to Fairly Represent, that Count is dismissed pursuant to Rule 12(b)(1).

As to Count C, which Irwin styles "Violated Title VII American[s] with Disabilities Act," the Court first notes that Title VII of the Civil Rights Act prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin[.]" Whittaker v. N. Ill. Univ., 424 F.3d 640, 645 (7th Cir. 2005) (quoting 42 U.S.C. § 2000e-2(a)(1)). Since Irwin does not allege that AFSCME discriminated against him on any of these

bases, he has not asserted a plausible claim for relief under Title VII. The Court will therefore construe Count C as being brought pursuant to the Americans with Disabilities Act ("ADA"). The ADA prohibits a "covered entity" from discriminating against qualified individuals with disabilities "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Stepney v. Naperville Sch. Dist. 203, 392 F.3d 236, 239 (7th Cir. 2004) (quoting 42 U.S.C. § 2000e-5(e)(1)). The ADA's anti-retaliation provision provides that "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this chapter." Casna v. City of Loves Park, 574 F.3d 420, 426 (7th Cir. 2009) (quoting 42 U.S.C. § 12203(a)).

The Complaint does not allege that Irwin suffers from any disability, but Irwin's EEOC Charge, which he has attached to his Complaint, alleges that he suffers from "Anxiety Disorder and Depression." Although the pro se Complaint is sparse as to details, the Court finds that Irwin has pled enough to state plausible ADA discrimination and retaliation claims against AFSCME. For example, in his EEOC Charge, Irwin alleges that based on his handicaps, AFSCME refused to accept or ignored his grievances, and informed him that any further grievances filed by him would be rejected. EEOC Charge, at 2. Although Irwin does not allege that he was employed by AFSCME, the Seventh Circuit has indicated that Title VII and ADA cases, which are decided on similar standards, may proceed against unions that have violated CBAs and breached their duties of fair representation on the basis of discriminatory animus. Greenslade v. Chicago Sun-Times, Inc., 112 F.3d 853, 866-67 (7th Cir. 1997) (citing Johnson v.

6

Artim Transportation System, Inc., 826 F.2d 538, 542 (7th Cir. 1987)). AFSCME's Motion to Dismiss is therefore denied as to Irwin's ADA claim.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied as to Counts A and C, and granted as to Count B.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: August 10, 2010